UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01400-FWS-KES | Date: July 7, 2025 |
| Title: Universal Building Maintenance, LLC v. Ken Watson et al | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [10]**

The court is in receipt of the Motion for Temporary Restraining Order as to Trade Secrets, (Dkt. 10 ("Motion for TRO")), filed by Plaintiff Universal Building Maintenance, LLC ("Plaintiff") on July 3, 2025, in which Plaintiff asks the court to enjoin Defendant Ken Watson ("Defendant") from using Plaintiff's alleged trade secrets and to require Defendant to turn over his electronic devices. (*See* Dkt. 10-9.) A temporary restraining order is an extraordinary and drastic remedy that may only be awarded upon a clear showing that the moving party is entitled to relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. *Vera v. Pfiffer*, 2020 WL 5027991, at *1 (C.D. Cal. July 23, 2020). To receive a temporary restraining order, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standard for issuing a temporary restraining order "substantially identical" to that for issuing a preliminary injunction).

In this case, the court cannot discern if Defendant has notice of the Motion for TRO. The Motion for TRO does not state whether Plaintiff gave Defendant notice of the Motion for TRO. (*See generally* Mot.) Moreover, the record before the court reflects that, although Plaintiff filed this case on June 27, 2025, Plaintiff indicated to Defendant that Plaintiff would not file suit until after July 7, 2025. (Dkt. 10-2 (July 3, 2025, letter in which Plaintiff requests that Defendant "immediately cooperate with it in taking all necessary steps to protect [Plaintiff's] trade secrets

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01400-FWS-KES | Date: July 7, 2025 |
| Title: Universal Building Maintenance, LLC v. Ken Watson et al | |

and other sensitive information" and informs Defendant that, if Plaintiff does not "hear from you by the close of business on Monday, July 7, 2025, [Plaintiff] will take appropriate steps to protect its property and interests").)

Accordingly, the court finds that Plaintiff fails to adequately demonstrate it gave Defendant notice of the TRO, or sufficiently explain why the court should issue a TRO without notice to Defendant or how Plaintiff complied with the requirements for obtaining a TRO without notice. A court may issue a temporary restraining order without notice to the adverse party where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). The movant's attorney must also certify in writing "any efforts made to give notice and the reasons why it should not be required." *Id.* In other words, while a standard-issue preliminary injunction must find a likelihood of irreparable harm in the absence of preliminary relief, "a secret-issue TRO must find a certainty of [irreparable harm]" unless relief is granted before the defendant is heard in opposition. *SEC v. Schooler*, 2012 WL 4049956, at *2 (S.D. Cal. Sept. 13, 2012). Rule 65(b)'s "stringent restrictions . . . reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438-39 (1974).

Plaintiff does not argue that it would be irreparably harmed if the court allowed Defendant some time to file an opposition. (*See* Motion for TRO at 13-14.) Indeed, Plaintiff noticed their Motion for TRO for hearing on July 24, 2025, three weeks after the TRO was filed. (*See* Dkt. 10.) Moreover, Plaintiff does not include a certified writing explaining any efforts to give notice and why notice should not be required. (*See generally* Motion for TRO.) "Courts have recognized very few circumstances justifying the issuance of a temporary restraining order without notice, particularly where notice could have been given to the adverse party." *Smith v. Cathcart*, 2025 WL 848451, at *1 (E.D. Wash. Mar. 18, 2025) (denying *ex parte* motion for a temporary restraining where plaintiff did not certify in writing efforts to put defendant on notice nor explain why notice should not be required).

Accordingly, the court **DENIES** Plaintiff's Motion for TRO.

___