NOTE: CHANGES MADE BY COURT

# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL BUILDING MAINTENANCE, LLC dba ALLIED UNIVERSAL JANITORIAL SERVICES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEN WATSON, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 8:25-cv-01400-FWS-KES<br><br>**ORDER RE STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENTN [15]**<br><br>Complaint served: July 25, 2025<br>Current response date: November 24, 2025 |

///

///

///

# STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT

IT IS STIPULATED AND AGREED by Plaintiff Universal Building Maintenance, LLC dba Allied Universal Janitorial Services ("Plaintiff"), by and through its counsel, and Defendant Ken Watson ("Defendant"), by and through his counsel, in connection with the resolution of the matters at issue in this action, Plaintiff and Defendant consent to the entry of this Stipulated Permanent Injunction and Final Judgment ("Stipulated Injunction"). Plaintiff and Defendant are collectively referred to as the "Parties."

## 1. Definitions.

A. The terms "Allied Universal" or the "Company" mean Plaintiff Universal Building Maintenance, LLC dba Allied Universal Janitorial Services, and shall include any and all past and present parent, subsidiary, affiliate, predecessor, and/or successor companies, if any, as well as their divisions, joint ventures, and entities or individuals acting under, by, though, or in concert with them, including their present owners, officers, directors, shareholders, general or limited partners, board members, owners, employees, contractors, insurers, agents, and attorneys, and/or their respective predecessors, successors, and assigns, if any.

B. The term Defendant means Defendant Ken Watson.

C. The term "Confidential Information" means all confidential, proprietary, or business information related to the Company's business that is furnished to, obtained by, or created by Defendant during Defendant's employment with the Company and which could be used to harm or compete against the Company. Confidential Information includes, by way of illustration, such information relating to: (a) the Company's formulae and processes used to calculate and negotiate prices to be charged to customers; (b) employee wages and other personnel information; (c) Company customers, including customer lists, preferences, contact information, contractual terms, prices, and billing histories; (d) the Company's finances, including financial statements, balance sheets, sales data

forecasts, and cost analyses; (e) the Company's plans and projections for business opportunities for new or developing business, including marketing concepts and business plans; (f) the Company's research and development activities, technical data, computer files, and software; and (g) the Company's operating methods, business processes and techniques, services, products, prices, costs, service performance, and operating results.

D. The term "Documents" shall refer to those documents sent from the email address ken.watson@aus.com to the email address kwatson.zummamed@gmail.com as follows:

1. The document entitled "Commission Agreement for UBM's Business Development Managers," attached to the email sent at 6:49 p.m. on April 11, 2025;

2. The document entitled "IFMA-SD MBRS as of 11-1-25," attached to the email sent at 7:24 p.m. on May 7, 2025;

3. The document entitled "[Employee] – San Diego County – Target Accounts," attached to the email sent at 7:26 p.m. on May 7, 2024;

4. The document entitled "2024 BDM Business Plan," attached to the email sent at 7:26 p.m. on May 7, 2025.

**2. Preliminary Stipulations.**

A. This Stipulated Injunction is being entered consistent with the agreements and stipulations of the Parties. The Parties stipulate, and the Court finds based on such stipulation, that this Court has jurisdiction over the subject matter of this action and over the Parties for the purposes of the entry of this Stipulated Injunction, that venue is proper, and that all substantive and procedural prerequisites to the entry of this Stipulated Injunction, as well as its enforceability under and/or compliance with the Federal Rules of Civil Procedure, have been met and/or are being waived by the Parties.

/ / /

    B.    The Court finds that the limited restrictions set forth in this Order are reasonable in time and geographic scope; necessary for the prevention of irreparable harm to Allied Universal in light of the allegations made in this action; will not unduly harm Defendant; and are not injurious to the public interest.

    C.    The entry of this Stipulated Injunction resolves all demands for monetary damages, injunctive relief, or other relief, whether at law or in equity of any nature whatsoever, that were or might have been asserted in this matter.  Each party shall bear its own costs and attorneys' fees.

    D.    The Parties stipulate that this Stipulated Injunction may be entered without Findings of Fact and Conclusions of Law and waive all rights to request such findings or conclusions.

**3.**    **Injunctive Relief.**

Based upon the stipulations of the Parties as well as the findings here, the Court **FINDS** that this Stipulated Injunction should be entered. It is therefore:

    A.    **ORDERED** that Defendant, or anyone acting in concert with him, is permanently restrained and enjoined from using, disclosing, or further misappropriating Allied Universal Confidential Information, to the extent such Confidential Information exists, in the Documents. Prohibited use under this provision shall include using information contained in the Documents (and not contained in publicly available sources) to solicit any of the customers listed in the Documents to purchase security services from any entity other than Allied Universal.

    B.    **ORDERED** that Defendant, or anyone acting in concert with him, is restrained and enjoined from contacting any individual whose name is listed in the Documents (and not in publicly available sources) to solicit any of the customers listed in the Documents for a period of one (1) year from the date of Watson's separation from Allied Universal, commencing May 8, 2025. Prohibited contact under this provision shall include any communication to any phone number and

email address associated with names of individuals contained in the Documents (and not in publicly available sources).

  C. **ORDERED** that Defendant, or anyone acting in concert with him, is permanently restrained and enjoined from using for his own purpose or for the benefit of any other person or entity any of the Company's Confidential Information; nor shall they disclose to any other individual or entity any Confidential Information unless disclosure has been authorized in writing by the Company or is otherwise required by law.

  D. **ORDERED** that Defendant, or anyone acting in concert with him, shall return (or delete) the Documents within his custody, possession, or control to the Company within five (5) days of the entry of this Order and cooperate with the Company in ensuring the permanent deletion of any such Documents stored on any electronic devices in his custody, possession, or control. Compliance with this provision may be satisfied by a declaration signed by Defendant under penalty of perjury delivered to the Company.

**4.** **Bond.**

  The Parties stipulate that no bond shall be required from Allied Universal in connection with the entry of this Stipulated Injunction, and that this Stipulated Injunction shall have the full force and effect as if a bond had been posted.

**5.** **Retention of Jurisdiction.**

  The Parties may apply to this District Court at any time for such further orders and directions as may be necessary or appropriate for the construction or implementation of this Stipulated Permanent Injunction and Final Judgment or any of its provisions, or for the enforcement of compliance therewith and the punishment of violations thereof.

  Prior to initiating such petition or action, a Party will provide notice, in writing, to the breaching party specifying the provision or provisions of this Stipulated Permanent Injunction and Final Judgment with which the breaching

Party has allegedly failed to comply. The allegedly breaching Party shall have fourteen (14) days from receipt of the notice of the alleged failure to comply to attempt to address, resolve, or cure the alleged failure to comply.

**6.    Other Relief.**

All of Allied Universal's claims are dismissed with prejudice to the refiling of the same, with each party to bear their own costs and expenses. All other relief not expressly granted herein is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 26, 2025

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE